Dear Ms. Gibbs:
This office is in receipt of your request for an opinion of the Attorney General in regard to regulation of ambulance service in Concordia Parish. You indicate Riverland Ambulance Service, a division of the local, tax-supported Riverland Medical Center, has been the only ambulance service in the Parish. Med Express, a private ambulance service from outside the Parish, has obtained an occupational license, and is soliciting membership within the Parish. The Parish School Board has been delegated by the Parish Police Jury to be the collector of Occupational License Tax. The Police Jury regulates minimum standards for Ambulances.
You ask the following:
 1) Can the Police Jury adopt an ordinance under the authority of R.S. 33:4791.1 and 33:1236 (32) to more aggressively regulate the Ambulance Service in the Parish;
 2) If such an ordinance is adopted, may Ambulance Services already in operation in the Parish be prohibited from operating if the requirements of the ordinance are not complied with or if the Parish through the ordinance allows a monopoly public service such as that mentioned in R.S. 33:4791.1
(D); and
 3) Until the ordinance is adopted may the Police Jury obtain an injunction to prohibit further operation of the Med Express in the Parish.
You state the ordinance in question will be similar to that adopted by Evangeline Parish Police Jury. The Louisiana Supreme Court on Nov. 25, 1996, in Med Express Ambulance Service, Inc. v.Evangeline Parish Police, No. 96-CA-0543, held the Evangeline Parish Ordinance did not violate the constitution, and "since the ordinances do not affect a fundamental right and do not constitute arbitrary and unreasonable action, but rather are rationally related to a legitimate government interest, they do not violate Article I, Sec. 2's due process protections." This overruled the district judge's judgment that struck down the ordinance on his finding that the ordinance was vague, and was in violation of the Due Process and Equal Protection clauses of both the Federal and State constitutions by prohibiting fair competition and "constitutional right of free enterprise, and equal opportunity to make a living."
The Supreme Court noted that the Evangeline Parish Police Jury has in effect a single operator system thereby depriving Med Express of the freedom to contract with potential customers and to engage in a lawful business on a parish wide basis, but found there was no absolute right to contract free of state regulation under the police power. Protecting the public health, safety and welfare was found to be a legitimate governmental interest. The Court stated it could not be said the ordinances were not rationally related to furthering legitimate governmental interests wherein they allow the police jury to deny permits based on failure to meet the criteria in the ordinances and the requirement for a certificate, the latter being based upon a showing that "public convenience and necessity" requires additional ambulance service. Therefore, constitutionality of the ordinances under the Equal Protection and Due Process Clauses of the federal constitution was upheld.
You ask if a similar ordinance is adopted may ambulance services already in operation in the Parish be prohibited from continuing operation "if the requirements of the ordinances are not complied with" or if the ordinance "allows a monopoly public service."
We feel it is significant to recognize that an occupational license is based upon the privilege of pursuing an occupation as opposed to a right. With this concept in mind, we must conclude ambulance service in operation may be prohibited from continuing "if the requirements of the ordinances are not complied with." Following the reasoning of the Supreme Court in the Med Express case, we would conclude that the police jury may restrict certificates and allow a monopoly public service unless an applicant shows it does not further an appropriate governmental interest. The Court in the Med Express Ambulance Service case observed that health, safety, and welfare of citizens are appropriate governmental interests, and noted that requiring a certificate from the Emergency Medical Service Advisory Board by a showing that the public convenience and necessity requires additional ambulance services are rationally related to furthering legitimate governmental interests.
However, in regard to allowing a monopoly or an injunction to prohibit further operation of Med Express in the Parish, we must conclude the award of a monopoly and suspending the certificate of Med Express must follow a hearing prior to the deprivation of its license. It is important to recognize that Med Express has already obtained an occupation license in Concordia Parish, whereas in Evangeline Parish it was determined there was no need for additional ambulance services and Med Express was not issued a certificate and was denied a permit by the police jury. Herein Med Express has a license, and the courts have found an existing license is a form of property right. Therefore, Med Express is in a different position at the present. However, an ordinance may be enacted with restrictions which could be shown to disqualify Med Express from continuing operation in the Parish.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General BBR